RAFFI ZEROUNIAN (SBN 236388)
*rzerounian@hansonbridgett.com*
JANIE L. THOMPSON (SBN 291622)
*jthompson@hansonbridgett.com*
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:   (415) 541-9366

Attorneys for Plaintiff
MEGA CREATION, INC. dba LECHAT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MEGA CREATION, INC. dba LeChat, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATICA NAILS, INC., a corporation; ALEXANDER RIVKIN, an individual; and DOES 1-5,<br><br>Defendants. | Case No. 2:16-CV-08670<br><br>**COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mega Creation, Inc. dba LeChat ("LeChat" or "Plaintiff"), by its attorneys of record, for its complaint against Defendants Atica Nails, Inc., Alexander Rivkin, and Does 1-5 (collectively "Defendant," "Defendants," or "Atica"), alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1. This is an action seeking damages and injunctive relief for Defendants' intentional and willful infringement of LeChat's distinctive trade dress, and of LeChat's well-known and federally registered POWDER GEL and LC & Design trademarks.

2. Defendants—who are former distributors of LeChat—are attempting to

usurp LeChat's goodwill and confuse consumers by using labels and product packaging that deliberately copy the labels and product packaging of LeChat's distinctive and well-known "Perfect Match" gel nail polish. As former distributors of LeChat, Defendants' infringement is undeniably willful.

## PARTIES

3. Plaintiff Mega Creation, Inc. dba LeChat is a California corporation with its principal place of business in Hercules, California and offices in Fullerton, California.

4. Defendant Atica Nails, Inc. ("Alpha Design") is a Texas corporation with a business location at 3612 Big Horn Trail, Plano, Texas 75075.

5. Defendant Alexander Rivkin ("Rivkin") is the sole officer of Atica Nails, Inc. and has a primary residence in Collin County, Texas. Rivkin is the active and moving conscious force behind Defendants' infringing conduct alleged herein.

6. Defendants produce and sell nail care products in the United States and in Eastern Europe. Defendants sell their products through online channels such as their websites located at www.aticanails.com, www.atica.com.ua, and www.ina.academy, among others. Defendants also advertise training services for nail technicians in California through its INA Academy.

7. LeChat is presently ignorant of the true names and capacities of Defendants sued herein as Does 1-5 and therefore sues these Defendants by such fictitious names. LeChat will amend its Complaint to allege these Defendants' true names and capacities when ascertained.

8. At all times herein mentioned, each Defendant was the agent, employee, partner, joint venturer, aider and abettor, alter ego, and co-conspirator of or with each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, joint venture, and conspiracy, and each Defendant directed, ratified and approved the acts

of the remaining Defendants.

## JURISDICTION AND VENUE

9. This Court has jurisdiction because: (i) this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), and jurisdiction is specifically conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b); and (ii) this is an action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332. Jurisdiction for the California state statutory and common law claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

10. This Court has personal jurisdiction over Defendants because they conduct business in this District, advertise their products and/or services in this Judicial District, and/or the effects of those acts have been felt in this District. Defendants have: (i) solicited and consummated business with consumers located in this District; (ii) accepted and processed payments from consumers located in this District; (iii) advertised services in and throughout this District; and (iv) maintained sales agents in this District.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. In this District, Defendants have done business with LeChat, have marketed, advertised, and promoted their goods, have offered for sale and sold their infringing products, and have agents working to promote and sell Defendants' infringing products in California.

# FACTS

## LeChat and Its Valuable and Well-Known Trademarks and Trade Dress

12. For over twenty years, LeChat has been offering a wide range of nail care products throughout the United States and forty other countries around the world, including nail polish, nail art, gel powder for nails, and nail tools, among other products.

13. LeChat is the owner of trademark registrations around the world. In the United States, LeChat is the exclusive owner of trademark rights in the LeChat brands, including but not limited to the incontestable registration for LC LECHAT & Design (U.S. Reg. No. 2,941,805) (the "LC LeChat Logo"), depicted below:



The registration covers "nail care preparations; nail art, namely, nail decals and stickers; nail buffing preparations; nail cream; nail enamels; nail grooming products, namely, nail tips, glue, lacquer and glitter; artificial nails; nail hardeners; nail polish; nail polish remover; nail polish base coat; nail polish top coat; nail strengtheners" in Class 3. The registration has become incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b) and, accordingly, constitutes conclusive evidence of LeChat's exclusive right to use the mark. A true and correct copy of LeChat's registration for the LC LeChat Logo is attached hereto as Exhibit A.

14. In addition and among other registrations, LeChat is the exclusive owner of U.S. Reg. No. 3,301,230 for POWDER GEL in Class 3 covering "artificial fingernail[s]" (the "POWDER GEL Mark"). A true and correct copy of LeChat's registration for the POWDER GEL Mark is attached hereto as Exhibit B.

15. LeChat offers a variety of nail product lines, all under its well-known LECHAT word and design marks, including PERFECT MATCH for gel polish,

DARE TO WEAR® for nail lacquers, NOBILITY for gel and non-gel nail lacquers, NAILARCHITECTURE® for acrylic nails, MIRANO for nail art products, and GELÉE for Plaintiff's POWDER GEL® nail system.

16. In the nail polish industry, many brands use distinctive trade dress for their products, including using unique and source identifying sizes, colors, and shapes of the bottles, as well as stylization of their product labels. LeChat uses distinctive trade dress to allow consumers to easily identify its high quality nail care products.

17. In particular, since at least as early as 2010, LeChat and its predecessors in interest, affiliates, and licensees have continuously and pervasively used a unique and distinctive trade dress for the packaging of its Perfect Match gel polish (the "LeChat Trade Dress"). This unique and distinctive trade dress consists of at least the following elements: i) a distinctive elongated grey top; ii) a cylindrical white bottle; iii) a thin band of color showing the color of the polish; iv) a brand depicted in black, plain, typeface in capital letters. A sample image of the LeChat Trade Dress is shown below:



18. The LeChat Trade Dress is inherently distinctive. The commercial strength and source-identifying power of the LeChat Trade Dress is reinforced by its secondary meaning in the marketplace. LeChat has advertised, marketed, and

promoted its nail care products and polish featuring the LeChat Trade Dress in a variety of channels of trade throughout the United States, including but not limited to at trade shows, online, through beauty supply distributers, and in nail salons.

19. LeChat has invested significant time and resources in promoting its high quality nail lacquers and its distinctive LeChat Trade Dress, and these products have received substantial accolades and awards, including the Presidential "E" Award. LeChat's products featuring the LeChat Trade Dress have also been the subject of substantial promotion and unsolicited media attention in publications such as Cosmopolitan, Nails, NailPro, BeautyStore, Scratch Magazine, and Nail It, among others. Many of these publications prominently feature images of the unique and distinctive LeChat Trade Dress. As a result of the promotional efforts and media attention outlined above, LeChat and its LeChat Trade Dress enjoy extensive goodwill and consumer recognition.

20. The LeChat Trade Dress is non-functional. The elements that comprise the LeChat Trade Dress do not contribute to or improve the functionality of the nail gel polishes or its packaging, nor do they affect the cost or quality of nail polishes or gel lacquers.

21. By virtue of LeChat's longstanding use of its trademarks and trade dress throughout the United States, and because of LeChat's widespread advertising and promotion efforts, LeChat enjoys strong common law trademark rights in its marks, logos, as well as its product packaging and trade dress. LeChat's federally registered and common law trademark and trade dress rights referenced in this Complaint shall be collectively referred to herein as the "LeChat Marks."

22. Due to LeChat's success, the LeChat Marks have become synonymous with superior nail care goods and related services. LeChat has used the LeChat Marks for many years, has sold millions of dollars' worth of goods and services in the United States and throughout the world under the marks, and has spent

substantial sums—more than $3.6 million in the last six years alone—marketing and promoting goods and services under the LeChat Trade Dress throughout the country. LeChat has also established a global presence, manufacturing, selling, marketing, and promoting its nail products around the world.

23.   By virtue of these sales and LeChat's marketing efforts, the LeChat Marks, including the LeChat Trade Dress, have become well-known throughout the United States, and represent extremely valuable goodwill for LeChat.

### Defendants' Infringing Use of LeChat's Trademarks and Trade Dress

24.   Defendants' knowledge of the LeChat Marks and relationship with LeChat goes back several years. Prior to their willful infringement of LeChat's intellectual property rights, Defendants were distributors for LeChat in Ukraine, Belarus, Russia, Kazakhstan, and Lithuania. During the course of the parties' relationship, LeChat also helped Rivkin establish his own nail product line, Atica, by selling him gel polish, UV gel, and nail polish ingredients and formulas.

25.   That relationship deteriorated when Rivkin violated both the letter and spirit of the parties' agreement and then ended when LeChat learned that Rivkin was attempting to unfairly compete with LeChat by violating its intellectual property rights. Defendants have attempted to usurp the LeChat brand, selling LeChat's products as their own while also advertising other products as "Atica LeChat" outside of the United States. The "LeChat" website (available at www.lechat.co.ua), for example, which is accessible to consumers in the United States, bears both brands as shown below:



Similarly, Atica improperly uses the combined "ATICA LECHAT" mark, including but not limited to in the naming of its storefronts, as shown below:



26. Defendants have misinformed consumers that they purchased the rights to the LeChat Marks from Plaintiff and that the Atica products are the same as LeChat's products but with even higher quality. Moreover, instead of helping LeChat register its own trademark rights in the Ukraine, Rivkin had his partner,

Alexander Petrik, registered the LeChat mark in his own name, in violation of the parties' agreement. Meanwhile, Rivkin still owes LeChat for $180,000 worth of materials, which is the subject of a lawsuit pending in Superior Court for Contra Costa County.

27. Recently, Defendants developed a line of nail gel products that are manufactured and sold in the United States that infringe LeChat's trademarks and trade dress. Previously Atica sold its polishes in an black bottle, as shown below:



28. Atica's new infringing line of gel polishes copies the trade dress of LeChat's Perfect Match gel polish line of products, using packaging that is confusingly similar, as depicted below:

| ***LeChat Trade Dress*** |
|---|



| ***Defendants' Infringing Trade Dress*** |
|---|
|  |

29. Defendants copied the LeChat Trade Dress, including LeChat's elongated grey top on a plain white bottle with the brand depicted in black, plain, all caps typeface, and a thin band of color showing the color of the polish. Especially from a distance, for example in a retail or nail salon display where the parties' competing products are often sold, Defendants' Atica and LeChat's Perfect Match Product look almost identical.

30. Atica's products also bear a small circular logo near the brand name (the "Atica Logo"), which Atica designed intentionally to look similar to the LeChat Logo:

| ***LeChat Logo*** | ***Atica Logo*** |
|---|---|
| [LeChat logo image] | [Atica logo image] |

31. In addition, Defendants are offering their own gel product, using the name "POWER GEL NAIL SYSTEM" ("POWER GEL Mark") in a similar format as LeChat's federally registered POWDER GEL mark:

| *LeChat's Powder Gel Product* | *Atica's Power Gel Product* |
|---|---|
|  | |

32. The clear purpose of the abovementioned conduct is to confuse consumers into believing that Defendants' products are associated with or sponsored by the LeChat brand, when Defendants know that they are not—just as Defendants are already doing internationally.

33. Defendants are targeting LeChat's customers by advertising, promoting, offering to sell, and selling Atica products featuring Defendants' Infringing Trade Dress throughout California, where LeChat is headquartered and has offices and a substantial presence, and elsewhere.

34. Consumers are able to purchase Atica products featuring Defendants' Infringing Trade Dress online through www.aticanails.com and www.ina.academy. Also, Defendants advertise that their products are sold throughout Los Angeles at outlets such as Deborah Beauty Paris-Salon in Beverly Hills:



35. Defendants also hired a former LeChat sales agent—Katerina Tyshchenko—to serve as Atica's sales agent and product trainer throughout California. Atica touts Ms. Tyshchenko's affiliation with Atica through Defendants' affiliated INA Academy: http://ina.academy/mentors/kateryna-tyschenko/.

36. Defendants are also manufacturing, producing, and selling Atica products featuring the Infringing Trade Dress in the United States and selling them internationally. These illegal activities willfully infringe LeChat's intellectual property rights.

<u>Harm to LeChat</u>

37. Defendants' aforementioned uses of LeChat's trademarks and trade dress constitute a deliberate, intentional, and willful attempt to trade upon Plaintiff's business reputation and goodwill.

38. As a result of Defendants aforementioned acts of trademark and trade dress infringement and unfair competition, Defendants' customers and potential customers have been and/or are likely to be confused into thinking that the nail care products sold by Defendants are genuine LeChat products in California and beyond.

39. Defendants' infringing uses of LeChat's trademarks and trade dress have caused and will continue to cause irreparable harm to Plaintiff and to the goodwill it owns in its trademarks and trade dress, as well as lost sales.

40. Plaintiff has attempted to amicably resolve this dispute through corresponding with Mr. Rivkin, but Defendant has all but ignored Plaintiff's efforts to settle this matter short of litigation.

## COUNT I

## TRADE DRESS INFRINGEMENT IN VIOLATION

## OF SECTION 43 OF THE LANHAM ACT

41. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. The LeChat Trade Dress is entitled to protection because it is inherently distinctive and non-functional and/or it has acquired distinctiveness.

43. Defendants' Infringing Trade Dress is used without LeChat's consent.

44. Defendants' Infringing Trade Dress constitutes false designation of origin because it is used in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' products. Defendants' actions, thus, constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(1).

45. Defendants' conduct was willful and intentional.

46. Defendants' acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court; wherefore, Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to, among other relief, an order permanently enjoining and restraining Defendants from using LeChat's Trade Dress or LeChat's Marks.

# COUNT II

## TRADEMARK INFRINGEMENT IN VIOLATION
## OF SECTION 32 OF THE LANHAM ACT

47. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48. Defendants' aforesaid use of its Atica Logo in connection with its goods and services is likely to cause confusion, mistake, or deception as to source, origin, sponsorship, or approval of Defendants' goods because of its similarity to the LeChat logo—and was designed intentionally to trade on LeChat's fame and good will.

49. Defendants' aforesaid use of the POWER GEL Mark in connection with nail products is likely to cause confusion, mistake, or deception as to source, origin, sponsorship, or approval of Defendants' goods because of its similarity to LeChat's POWDER GEL Mark—and was designed intentionally to trade on LeChat's fame and good will.

50. Because of Defendants' conduct, consumers will mistakenly believe that they are purchasing products that are legitimately connected to LeChat's products.

51. Defendants' actions, thus, constitute trademark infringement of the LeChat Logo and POWDER GEL Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

52. Defendants' conduct was willful and intentional.

53. Defendants' acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court; wherefore, Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to, among other relief, an order permanently enjoining and restraining Defendants from using the Atica Logo, the LeChat Logo, or any other confusingly similar mark.

# COUNT III

## UNFAIR COMPETITION IN VIOLATION OF

## SECTION 43(a) OF THE LANHAM ACT

54. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55. Defendants' aforesaid use of the LeChat Trade Dress and LeChat Marks is likely to cause confusion, mistake, or deception as to source, origin, sponsorship, or approval of Defendants' goods. Because of Defendants' conduct, consumers are likely to believe that Plaintiff authorizes, sponsors, or controls the sale, offering, or provision of Defendants' goods, or that Defendants are associated with or authorized by Plaintiff to sell, offer, or provide those products.

56. Defendants' actions, thus, constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. Defendants' acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court; wherefore, Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to, among other relief, an order permanently enjoining and restraining Defendants from using the LeChat Trade Dress or LeChat Marks.

# COUNT IV

## UNFAIR COMPETITION IN VIOLATION OF

## CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*

58. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59. Defendants' infringing use of the LeChat Marks and LeChat Trade Dress has actually deceived, has the tendency to deceive, and/or is likely to deceive consumers into believing that Defendants' products are sponsored, approved, or licensed by LeChat, or are in some way affiliated or connected with LeChat.

60. In making these false and misleading representations, Defendants has traded on the goodwill of the LeChat Marks and LeChat Trade Dress to compete unfairly against Plaintiff and its genuine products.

61. Defendants' aforesaid acts constitute "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" in violation of California Business and Professions Code § 17200, *et seq*.

62. As a direct and proximate result of the above-described deceptive trade practices, Plaintiff has suffered and is suffering irreparable injury. Plaintiff will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

## COUNT V

## UNFAIR COMPETITION – CALIFORNIA COMMON LAW

63. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64. Defendants' misconduct alleged herein constitutes unfair competition under the common law of the State of California.

65. Defendants have intentionally traded upon and unfairly benefited from Plaintiff's valuable goodwill and reputation in order to compete unfairly with Plaintiff and has been unjustly enriched thereby.

66. Defendants have misappropriated for themselves the commercial value of the LeChat Marks and LeChat Trade Dress in conscious disregard of Plaintiff's rights, and have impaired the value of Plaintiff's goodwill among consumers.

67. In conducting such acts, Defendants is guilty of oppression, fraud and/or malice, as defined in Cal. Civ. Code § 3294.

68. As a direct and proximate result of this unfair competition, Plaintiff has suffered and is suffering irreparable injury. Plaintiff will continue to suffer

irreparable injury unless the Court enters an appropriate injunction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

1. Defendants, their officers, agents, servants, employees, representatives, attorneys, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Defendants who receive notice hereof, including but not limited to all subsidiaries, affiliates, licensees, employees, or assigns of Defendants, be permanently enjoined from:

    a) directly or indirectly infringing the above-described LeChat Marks or LeChat Trade Dress in any manner, and specifically:

        (1) using the LeChat Marks or LeChat Trade Dress, or any reproduction, counterfeit, copy, or colorable imitation of the LeChat trademarks or trade dress, in connection with the offering, promotion, marketing, or sale of any non-genuine LeChat products or services;

        (2) applying the LeChat Marks or LeChat Trade Dress, or any reproduction, counterfeit, copy or colorable imitation of the LeChat trademarks or trade dress, to any advertisement, website, point of purchase materials, catalogue, brochure, sign, print, press release, or other material used in connection with the promotion, sale and/or offering for sale of any non-genuine LeChat products or services;

    b) using any mark or trade dress that is confusingly similar to LeChat Marks or LeChat Trade Dress in connection with the manufacture, promotion, sale and/or offering for sale of any non-genuine LeChat products or services;

    c) using any other trademark, trade name, logo or design that tends to

falsely represent, or that is likely to confuse, mislead, or deceive consumers to believe that Defendants is sponsored, approved, or licensed by, or are in some way connected or affiliated with LeChat;

d) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive consumers, to believe that Defendants or any non-genuine LeChat products are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

e) affixing, applying, annexing, or using in connection with the promotion, advertising, sale, and/or offering for sale of any non-genuine LeChat products a false description or representation or misleading statement of fact that misrepresents the nature, qualities, characteristics, standard, grade, style, or model of such goods or services, including but not limited to, by falsely representing that such products are LeChat products;

f) destroying or otherwise disposing of evidence until final determination of this action, including:

    (1) any nail care products or nail care services offered for sale in connection with any of the LeChat Marks, LeChat Trade Dress, or Defendants' Infringing Trade Dress;

    (2) any promotional or advertising materials, packaging, labels, web site versions, online advertising promotional or marketing materials, or any other unauthorized items that reproduce, copy, counterfeit, imitate or bear any of the LeChat Marks or LeChat Trade Dress; and

    (3) any sales records, ledgers, invoices, purchase orders, advertising agency contracts or placement orders, inventory

control documents, recordings of any type whatsoever, and all other business records and documents believed to concern the promotion, sale, or offering for sale of any non-genuine LeChat products or any other products sold or offered for sale in connection with the LeChat Marks, LeChat Trade Dress, or Defendants' Infringing Trade Dress.

2. Defendants, and all others holding by, through, or under Defendants, be required, jointly and severally, to:

   a) account for and pay over to Plaintiff all profits derived by any Defendants from their acts of trademark infringement and unfair competition, such award to be trebled in accordance with 15 U.S.C. § 1117(a);

   b) pay to Plaintiff the amount of all damages incurred by Plaintiff by reason of Defendants' acts of trademark infringement and unfair competition, such amount to be trebled in accordance with 15 U.S.C. § 1117(a);

   c) pay to Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and California Civil Procedure Code § 1021.5;

   d) pay to Plaintiff exemplary and/or punitive damages by reason of Defendants' acts of unfair competition, in accordance with Cal. Civ. Code § 3294 and the common law of the State of California;

   e) deliver up for destruction all of the Defendants' infringing nail care products, and all labels, signs, prints, packaging, and advertisements therefor, and any molds, matrices, or other means for making the same, in their possession, in accordance with 15 U.S.C. § 1118; and

   f) award to Plaintiff the costs, and expenses of this litigation as well as pre-judgment interest.

3. Plaintiff has such other and further relief as the Court deems just and equitable.

DATED: November 21, 2016   HANSON BRIDGETT LLP

By: */s/ Raffi Zerounian*
RAFFI ZEROUNIAN
JANIE THOMPSON
Attorneys for Plaintiff
MEGA CREATION INC. dba LECHAT

## DEMAND FOR JURY TRIAL

Plaintiff Mega Creation, Inc. dba LeChat hereby demands a trial by jury of all claims so triable.

DATED: November 21, 2016   HANSON BRIDGETT LLP

By: */s/ Raffi Zerounian*
RAFFI ZEROUNIAN
JANIE THOMPSON
Attorneys for Plaintiff
MEGA CREATION INC. dba LECHAT

12844632.1

-20-  Case No. 2:16-CV-08670
COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION