1  RAFFI ZEROUNIAN (SBN 236388)
    *rzerounian@hansonbridgett.com*
2  JANIE L. THOMPSON (SBN 291622)
    *jthompson@hansonbridgett.com*
3  425 Market Street, 26th Floor
    San Francisco, California 94105
4  Telephone:  (415) 777-3200
    Facsimile:  (415) 541-9366
5
   Attorneys for Plaintiff
6  MEGA CREATION, INC. dba LECHAT

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9              **WESTERN DIVISION**

| | |
|---|---|
| 10  MEGA CREATION, INC. dba LeChat, a California corporation, | Case No. 2:16-CV-08670-JFW-JEM |
| 11 | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |
| 12              Plaintiff, | |
| 13       v. | |
| 14  ATICA NAILS, INC., a corporation; ALEXANDER RIVKIN, an individual; and DOES 1-5, | Date:    April 24, 2017 |
| 15 | Time:    1:30 p.m. |
| 16              Defendants. | Dept:    Courtroom 7A |
| | Judge:  Hon. John F. Walter |

17

18       Plaintiff Mega Creation, Inc. dba LeChat ("Plaintiff") has moved the Court

19  for entry of default judgment against Defendant Atica Nails, Inc. ("Defendant") and

20  asks this Court for a permanent injunction.

21       Plaintiff having appeared by its counsel, the motion for default judgment

22  having been fully briefed, the Court having duly considered the papers, relevant

23  authorities, and supporting documents, and good cause appearing therefor, the Court

24  hereby enters final judgment against Defendant Atica Nails, Inc. and **ORDERS,**

25  **ADJUGES,** and **DECREED** that:

26       Plaintiff's Motion for Default Judgment is **GRANTED**.

27       It is further **ORDERED** that:

28       1.       Defendant, and its officers, agents, servants, employees,

representatives, attorneys, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Defendant who receive notice hereof, including but not limited to all subsidiaries, affiliates, licensees, employees, or assigns of Defendant, be permanently enjoined from:

    (a)    directly or indirectly infringing the LeChat Marks (as defined in Plaintiff's Motion for Default Judgment) or LeChat Trade Dress (as defined in Plaintiff's Motion for Default Judgment) in any manner, and specifically:

        (1)    using the LeChat Marks or LeChat Trade Dress, or any reproduction, counterfeit, copy, or colorable imitation of the LeChat trademarks or trade dress, in connection with the offering, promotion, marketing, or sale of any non-genuine LeChat products or services;

        (2)    applying the LeChat Marks or LeChat Trade Dress, or any reproduction, counterfeit, copy or colorable imitation of the LeChat trademarks or trade dress, to any advertisement, website, point of purchase materials, catalogue, brochure, sign, print, press release, or other material used in connection with the promotion, sale and/or offering for sale of any non-genuine LeChat products or services;

    (b)    using any mark or trade dress that is confusingly similar to LeChat Marks or LeChat Trade Dress in connection with the manufacture, promotion, sale and/or offering for sale of any non-genuine LeChat products or services;

    (c)    using any other trademark, trade name, logo or design that tends to falsely represent, or that is likely to confuse, mislead, or deceive consumers to believe that Defendants is sponsored, approved, or licensed by, or are in some way connected or affiliated with LeChat;

13369678.1

(d) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive consumers, to believe that Defendants or any non-genuine LeChat products are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

(e) affixing, applying, annexing, or using in connection with the promotion, advertising, sale, and/or offering for sale of any non-genuine LeChat products a false description or representation or misleading statement of fact that misrepresents the nature, qualities, characteristics, standard, grade, style, or model of such goods or services, including but not limited to, by falsely representing that such products are LeChat products;

(f) destroying or otherwise disposing of evidence , including:

(1) any nail care products or nail care services offered for sale in connection with any of the LeChat Marks, LeChat Trade Dress, or Defendants' Infringing Trade Dress (as that term is defined in Plaintiff's Motion for Default Judgment);

(2) any promotional or advertising materials, packaging, labels, web site versions, online advertising promotional or marketing materials, or any other unauthorized items that reproduce, copy, counterfeit, imitate or bear any of the LeChat Marks or LeChat Trade Dress; and

(3) any sales records, ledgers, invoices, purchase orders, advertising agency contracts or placement orders, inventory control documents, recordings of any type whatsoever, and all other business records and documents believed to concern the promotion, sale, or offering for sale of any non-genuine LeChat

products or any other products sold or offered for sale in connection with the LeChat Marks, LeChat Trade Dress, or Defendants' Infringing Trade Dress.

This Court retains jurisdiction for purposes of enforcing the injunction.

DATED: _____ April 12, 2017

_____
Honorable John F. Walter
United States District Court Judge